UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY GILCHRIST, JR.,

    Petitioner,

vs.                            Case No. 2:08-cv-887-FtM-29DNF
                                   Case No. 2:99-cr-4-FtM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner Billy Gilchrist, Jr.'s Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #120)[1] filed on December 3, 2008. The United States filed its Answer in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #6) on March 13, 2009. Petitioner thereafter filed a Reply (Cv. Doc. # 7) on June 10, 2009. For the reasons set forth below, the motion is denied.

**I.**

On January 20, 1999, Billy Gilchrist, Jr. (petitioner or Gilchrist) was charged in the Middle District of Florida, Fort

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc." and will refer to the underlying criminal case as "Cr. Doc."

Myers Division, in a two-count Indictment (Cr. Doc. #2). Count One charged petitioner with conspiracy to possess with intent to distribute an unspecified quantity of a mixture or substance containing a detectable amount of cocaine base, crack cocaine, from at least on or about January, 1992 through January 20, 1999. Count Two charged petitioner with possession with intent to distribute an unspecified quantity of a mixture or substance containing a detectable amount of cocaine base, crack cocaine on or about February 12, 1998. On April 9, 1999, the government filed an Information (Cr. Doc. #34) pursuant to 21 U.S.C. § 851, setting forth petitioner's three prior drug felony convictions. Trial began on April 12, 1999 (Cr. Doc. #40); on April 15, 1999, petitioner was convicted by a jury of the conspiracy charge and acquitted of the substantive count. (Cr. Doc. #44.) Petitioner was sentenced on September 30, 1999, to life imprisonment pursuant to the sentencing enhancement provisions of § 851. (Cr. Doc. #51.)

A direct appeal was filed (Cr. Doc. #52) and on June 26, 2001, the Eleventh Circuit Court of Appeals issued its mandate in an unpublished opinion, which affirmed petitioner's conviction and sentence. (Cr. Doc. #68.) A petition for a writ of *certiorari* was filed with the United States Supreme Court, and was denied on October 15, 2001. Gilchrist v. United States, 534 U.S. 974 (2001).

Petitioner filed his first motion pursuant to 28 U.S.C. § 2255 on July 15, 2002 (Cr. Doc. #71). The Court initially denied the motion, but ultimately on June 20, 2007, granted the motion based

upon Apprendi v. New Jersey, 530 U.S. 466 (2000). (Cr. Doc. #104.) The Court found that the statutory maximum was thirty years imprisonment, not life imprisonment, vacated the Judgment in the criminal case and directed that petitioner be re-sentenced (Cr. Doc. #104, pp. 5-6, 14).

On December 18, 2007, petitioner was re-sentenced. (Cr. Doc. #115). The Court found that the statutory maximum was 360 months imprisonment, that petitioner's total offense level was 38, that his criminal history category was VI, and that the Sentencing Guidelines range was 360 months to life imprisonment (see Cr. Doc. #122, p. 22). The Court found a disparity in the treatment of crack cocaine and powder cocaine, and pursuant to the authority of Kimbrough v. United States, 128 S. Ct. 558 (2007), imposed a sentence of 240 months imprisonment followed by ten years supervised release. (Cr. Docs. ## 121, 122.)

No direct appeal was filed from the re-sentencing. The matter is now before the Court on petitioner's timely § 2255 petition from the re-sentencing.

## II.

Read liberally, petitioner's current § 2255 Petition (Cv. Doc. #1) sets forth the following claims: (1) At re-sentencing the court had the mistaken belief that it had no discretion to depart from the Sentencing Guidelines based upon the disparity between the treatment of crack cocaine and powder cocaine in the Sentencing Guidelines (Ground One); (2) the re-sentencing court erred in

-3-

failing to find that the 100:1 crack cocaine to powder cocaine ratio is unconstitutional because it is based on racially discriminatory legislation and erroneous legislative findings (Ground Two); (3) the re-sentencing court erred in enhancing petitioner's sentence by relying upon petitioner's past convictions which were neither included in the Indictment nor proven to a jury (Ground Three); (4) the re-sentencing court erred in failing to find that Almendarez-Torres v. United States, 523 U.S. 224 (1998) has been overruled by Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005) (Ground Three); and (5) the re-sentencing court erred in relying upon false testimony to determine the drug quantity (Ground Four). For the reasons set forth below, the Court finds that the arguments are procedurally defaulted or, alternatively, without merit.

**A. Procedural Default:**

A motion under § 2255 is an extraordinary remedy and will not be allowed to substitute for a direct appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). This is because "[o]nce the defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." United States v. Frady, 456 U.S. 152, 164 (1982). Generally, a defendant must assert an available issue on direct appeal or be procedurally

barred from raising the issue in a § 2255 proceeding.  Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994), cert. denied, 514 U.S. 1112 (1995); Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989), cert. denied, 494 U.S. 1018 (1990).  An issue is "available" on direct appeal when its merits can be reviewed without further factual development.  Mills, 36 F.3d at 1055.

Where an issue that could have been raised on appeal is not pursued, it will not be considered in a § 2255 proceeding, absent a showing of cause and actual prejudice from the errors of which petitioner complains, or actual innocence.  Bousley, 523 U.S. at 622; Frady, 456 U.S. at 167-68; Mills, 36 F.3d at 1055.  Cause for a procedural default may be established if petitioner can show that "some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule," or that his attorney's performance failed to meet the Strickland[2] standard for effective assistance of counsel.  Murray v. Carrier, 477 U.S. 478, 488 (1986); Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997).  To establish actual innocence, petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.  This means factual innocence, not mere legal insufficiency.  Bousley, 523 U.S. at 623-24.

---

[2]Strickland v. Washington, 466 U.S. 668 (1984).

**B.   Authority to Depart Based Upon Crack Cocaine Disparity:**

Petitioner argues that the re-sentencing court had the mistaken belief that it lacked discretion to depart from the Sentencing Guidelines based upon the disparity between the treatment of crack cocaine and powder cocaine in the Sentencing Guidelines.  This issue is both procedurally defaulted and, alternatively, without merit.

This issue was available on direct appeal, as a criminal defendant can appeal the sentence imposed under the Sentencing Guidelines.  <u>Montemoino v. United States</u>, 68 F.3d 416, 417 (11th Cir. 1995).  Petitioner failed to raise this issue on direct appeal; therefore, the issue is barred from review under § 2255 unless an exception is established.  <u>Montemoino</u>, 68 F.3d at 417; <u>Martin v. United States</u>, 81 F.3d 1083, 1084 (11th Cir. 1996). Petitioner has neither alleged nor established cause and actual prejudice from the errors of which he complains, or actual innocence.  Therefore, the issue may not be raised in this § 2255 proceeding.

Alternatively, the record reflects that the issue is without merit. Petitioner's counsel requested a lesser sentence because of the disparity in the Sentencing Guidelines as to the treatment given crack cocaine and powder cocaine, citing <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007).  A lengthy discussion ensued (Cr. Doc. #122, pp. 16-39).  Far from being mistaken about its authority to

impose a lesser sentence in recognition of the crack cocaine/powder cocaine disparity, the sentencing court stated:

> To state what I think is apparent from all of us, the Court understands that it has the authority to impose a sentence below the sentencing guideline range. It also has the authority, in considering what sentence is reasonable and justified, to impose a variance based upon the disparity between the crack cocaine guideline range and the powder cocaine guideline range.

(Cr. Doc. #122, p. 39.) The Court then imposed a sentence that was 120 months below the low end of the Sentencing Guideline range. (Cr. Doc. #122, p. 40.) Therefore, petitioner's claim that the sentencing court misunderstood its authority is refuted by the record. Nothing in Kimbrough required the Court to grant a variance, or to utilize a 1:1 ratio, as petitioner requests in his Reply. E.g., United States v. Goodwin, 296 Fed. Appx. 727, 732 (11th Cir. 2008).

## C. Constitutionality of Crack/Powder Ratio:

Petitioner argues that the re-sentencing court erred in failing to find that the 100:1 crack cocaine/powder cocaine ratio is unconstitutional because it is based on racially discriminatory legislation and erroneous legislative findings. As a sentencing issue, this claim was also available on direct appeal. Petitioner failed to raise this issue on direct appeal, and therefore is barred from review under § 2255. Montemoino, 68 F.3d at 417; Martin, 81 F.3d 1084. Petitioner has neither alleged nor established cause and actual prejudice from the error of which he

complains, or actual innocence. Therefore, the issue may not be raised in this § 2255 proceeding.

Alternatively, the issue is clearly without merit. Binding authority in the Eleventh Circuit held prior to Kimbrough that the 100:1 ratio was not unconstitutional. United States v. King, 972 F.3d 1259, 1260 (11th Cir. 1992); United States v. Byse, 28 F.3d 1165, 1169 (11th Cir. 1994); United States v. Sloan, 97 F.3d 1378, 1383-84 (11th Cir. 1996); United States v. Hanna, 153 F.3d 1286, 1288-89 (11th Cir. 1998); United States v. Matthews, 168 F.3d 1234, 1251 (11th Cir. 1999). Cases since Kimbrough continue to hold the same. United States v. Hackman, 284 Fed. Appx. 743, 746 (11th Cir. 2008); United States v. Samas, 561 F.3d 108, 110 (2d Cir. 2009).

**D. Prior Convictions**:

Petitioner alleges that the re-sentencing court erred in enhancing petitioner's sentence by relying upon petitioner's past convictions, which were neither included in the Indictment nor proven to a jury, and erred by failing to find that Almendarez-Torres v. United States, 523 U.S. 224 (1998) has been overruled by Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005). In his Reply, petitioner relies upon Shepard v. United States, 544 U.S. 13, 20 (2005) as additional authority for the proposition that his prior convictions could not be considered.

As a sentencing issue, this claim was also available on direct appeal. Petitioner failed to raise this issue on direct appeal,

-8-

and therefore is barred from review under § 2255.  Montemoino, 68 F.3d at 417; Martin, 81 F.3d 1084.  Petitioner has neither alleged nor established cause and actual prejudice from the error of which he complains, or actual innocence.  Therefore, the issue may not be raised in this § 2255 proceeding.

Alternatively, the issue is without merit.  The case law clearly establishes that while the Supreme Court may have cast doubt on Almendarez-Torres, the case has not been overruled and remains binding precedent.  United States v. Beckles, 565 F.3d 832, 846 (11th Cir. 2009).

**E.  Drug Quantity:**

Petitioner also asserts that the re-sentencing court erred in relying upon false testimony to determine the drug quantity.  The original sentencing judge found more than 1.5 kilograms of crack cocaine attributable to petitioner.  The Eleventh Circuit Court of Appeals found that "the district court properly found that Gilchrist's offense involved more than 1.5 kilograms of cocaine base."  (Cr. Doc. #68.)  At re-sentencing, the Court stated that after reading the entire record, it found petitioner was responsible for more than 1.5 kilograms of crack cocaine.  (Cr. Doc. #122, pp. 8-9.)  Therefore, either the claim is barred by the prior holding of the Eleventh Circuit or it is without merit given the findings at the re-sentencing hearing.

Accordingly, it is now

**ORDERED:**

1.  Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DISMISSED**, or in the alternative, is **DENIED** for the reasons set forth above.

2.  The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of July, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Billy Gilchrist, Jr.